UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
NATASHA ROPER, Individually and : Case No. 1:17-CV-0553 (TJM/CFH)
On behalf of all others similarly situated, as :
Collective representative, :
 :
 : **COLLECTIVE ACTION**
Plaintiffs, : **COMPLAINT AND**
 : **JURY DEMAND**
v. :
 :
TRANS WORLD ENTERTAINMENT :
CORPORATION and RECORD TOWN, :
INC., :
 :
Defendants. :
------------------------------------------------------X

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Natasha Roper, individually and on behalf of all others similarly situated, by her attorneys Shavitz Law Group, P.A. alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as exempt-classified Store Managers or in comparable roles with different titles ("SMs") for Trans World Entertainment Corporation and Record Town, Inc. (together, "Trans World" or "Defendants") anywhere in the United States.

2. Trans World is a retailer which operates approximately 300 F.Y.E retail stores in the United States, selling entertainment and pop culture merchandise.

3. In order to minimize labor costs, Trans World staffs its stores leanly and strictly manages hours worked by non-exempt, hourly employees to avoid paying them overtime. To compensate for this deliberate understaffing, Trans World relies heavily on its salaried SMs to staff the stores when there are not enough hourly employees to properly do so. Because of Trans

World's retail hours and lean staffing model, SMs regularly work in excess of forty hours per workweek without receiving overtime compensation for hours worked in excess of forty per workweek.

4. Although they are labeled "managers," SMs are not responsible for true management functions. To the contrary, SMs spend the vast majority of their time primarily performing the same duties as non-exempt, hourly employees. SMs' primary duties, which occupy the majority of their time, include: assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor.

5. The primary duties of SMs do not fall within any of the exemptions under federal overtime laws.

6. The primary duties of the SM position do not vary among Trans World's stores.

7. Throughout the relevant period, Trans World's policy across its stores has been to uniformly classify SMs as exempt from federal overtime provisions and not pay SMs any overtime wages.

8. Trans World requires SMs to undergo a training period of approximately two to three weeks. During this training period, Trans World classifies SMs-in-training as exempt and does not pay SMs any overtime for hours worked over 40 in a work week.

9. Trans World regularly requires SMs to work in excess of 40 hours per workweek, including during their training period.

10. By the conduct described herein, Defendants have violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") by failing to pay SMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law, including during their

training periods.

11. Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendants nationwide who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## THE PARTIES

### *Plaintiff Natasha Roper*

12. Plaintiff Natasha Roper ("Roper") is an adult individual who is a resident of Rio Rancho, New Mexico.

13. Roper was employed by Defendants as a SM from approximately June 2015 to approximately February 2016, at a Trans World store in Gallup, New Mexico.

14. Defendants paid Roper an annual salary of approximately $30,000.

15. Pursuant to Defendants' policy, pattern, and/or practice, Roper regularly worked more than 40 hours in workweeks, but was not compensated for overtime hours worked. Roper typically worked between 50 and 60 hours per week.

16. At all times relevant hereto, Roper was a covered employee within the meaning of the FLSA.

17. A written consent form for Roper is attached hereto.

### *Defendants*

18. Trans World Entertainment Corporation is a New York corporation with a principal place of business in Albany, New York.

19. Record Town, Inc. is a New York corporation and a wholly-owned subsidiary of

Trans World Entertainment Corporation. Record Town, Inc.'s principal place of business is in Albany, New York.

20. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA.

21. Throughout the relevant period, Defendants employed and/or jointly employed Plaintiff and other SMs within the meaning of the FLSA. Defendants have had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

22. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and other SMs, including timekeeping, payroll and other employment practices that applied to them.

23. Defendants apply the same employment policies, practices, and procedures to all SMs.

24. At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

26. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District, and also pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

28. Throughout their employment with Defendants, Plaintiff and other SMs regularly worked in excess of 40 hours per week.

29. Defendants were aware that Plaintiff and other SMs worked more than 40 hours per workweek, yet Defendants failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

30. The primary duties of Plaintiff and other SMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime such as assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor.

31. Plaintiffs and other SMs were closely supervised by their District Managers, and through common corporate policies and procedures that defined and circumscribed their work.

32. During the relevant period, upon information and belief, Defendants uniformly classified SMs as exempt from federal overtime pay requirements, including during the SMs' training period.

33. All of the work that Plaintiff and other SMs performed was assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and other SMs performed.

34. Upon information and belief, Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

35. Defendants were aware, or should have been aware, that the FLSA required them to pay Plaintiff and other SMs overtime compensation for hours worked in excess of 40 per week.

36. Defendants were aware, or should have been aware, that Plaintiff's and other SMs' primary duties were assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor.

37. Defendants' failure to pay Plaintiff and other SMs overtime was willful. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

38. Plaintiff bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as SMs at any Trans World store in the United States, on or after May 19, 2014, who elect to opt-in to this action (the "FLSA Collective").

39. Plaintiff also brings the Second Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as a SM in training at any Trans World store in the United States, on or after May 19, 2014, who elect to opt-in to this action (the "FLSA Training Collective").

40. All of the work that Plaintiff, the FLSA Collective, and FLSA Training Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff, the FLSA Collective, and FLSA Training Collective have performed.

41. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff, the FLSA Collective, and the FLSA Training Collective. This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay Plaintiff and the members of the FLSA Collective and/or the FLSA Training Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

b. willfully misclassifying Plaintiff and the members of the FLSA Collective and/or the FLSA Training Collective as exempt from the protections of the FLSA; and

c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective and/or the FLSA Training Collective, have worked for the benefit of Defendants.

42. Defendants are aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff, members of the FLSA Collective, and members of the FLSA Training Collective an overtime premium for hours worked in excess of 40 per workweek.

43. Plaintiff, the FLSA Collective, and the FLSA Training Collective all perform or performed the same or similar primary duties.

44. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(On behalf of Plaintiff and the FLSA Collective)**

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

47. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

48. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

50. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

52. Defendants failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

53. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

55. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

56. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Training Collective)

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants have engaged in a widespread pattern and practice of violating the FLSA during the SMs' training period, as described in this Collective Action Complaint.

59. During their training period, Defendants failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

60. Defendants' violations of the FLSA during the SMs' training period, as described in this Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees during their training period.

61. Because Defendants' violations of the FLSA with respect to FLSA Training Collective have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

62. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

63. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor's regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E. A reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other SMs, and the risks she has undertaken.

F. An award of damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

G. Attorneys' fees and costs of the action; and

H. Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
May 19, 2017

    Respectfully submitted,

    */s/ Michael J. Palitz*

    Michael J. Palitz
    SHAVITZ LAW GROUP, P.A.
    830 3rd Avenue, 5th Floor
    New York, New York 10022
    Tel:   (800) 616-4000
    Fax:  (561) 447-8831
    mpalitz@shavitzlaw.com

    Gregg I. Shavitz*
    SHAVITZ LAW GROUP, P.A.
    1515 South Federal Highway, Suite 404
    Boca Raton, Florida 33432
    Tel:   (561) 447-8888
    Fax:  (561) 447-8831
    gshavitz@shavitzlaw.com

    ***Attorneys for Plaintiff and the Putative Collective***

*pro hac vice* application forthcoming

DocuSign Envelope ID: BBEAB33A-0406-4B1E-91A7-8B7817353B93

**CONSENT TO JOIN FORM**

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), _Trans World Entertainment – f.y.e.,_ and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_[DocuSigned signature: DBD8365A35FF481]_
Signature

_[DocuSigned signature: DBD8365A35FF481]_
Print Name