UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
NATASHA ROPER, Individually and : Civil Case No.
On behalf of all others similarly situated, as : 1:17-cv-0553 (TJM/CFH)
Collective representative, :
 :
 : **SECOND AMENDED**
Plaintiff, : **COLLECTIVE ACTION**
 : **COMPLAINT AND**
 : **JURY DEMAND**
v. :
 :
TRANS WORLD ENTERTAINMENT :
CORPORATION and RECORD TOWN, :
INC., :
 :
Defendants. :
-----------------------------------------------------------X

**PLAINTIFF'S SECOND AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff Natasha Roper, individually and on behalf of all others similarly situated, by her attorneys Shavitz Law Group, P.A., alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as exempt-classified Store Managers or in comparable roles with different titles ("SMs") for Trans World Entertainment Corporation and Record Town, Inc. (together, "Trans World" or "Defendants") anywhere in the United States.

2. Trans World is a retailer which owns and operates approximately 300 retail stores in the United States operating under the name FYE ("For Your Entertainment"), selling entertainment and pop culture merchandise, such as video games, movies, and related merchandise.

3. In order to minimize labor costs, Trans World staffs its stores leanly and strictly manages hours worked by non-exempt, hourly employees to avoid paying them overtime. To

compensate for this deliberate understaffing, Trans World relies heavily on its salaried SMs to staff the stores when there are not enough hourly employees to properly do so. Because of Trans World's retail hours and lean staffing model, SMs regularly work in excess of forty hours per workweek without receiving overtime compensation for hours worked in excess of forty per workweek.

4. Although they are labeled "managers," SMs are not responsible for true management functions. To the contrary, SMs spend the vast majority of their time primarily performing the same duties as non-exempt, hourly employees. The primary duties of SMs', which occupy the majority of their time, include: assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor.

5. The primary duties of SMs do not fall within any of the exemptions under federal overtime laws.

6. The primary duties of the SM position does not vary among Trans World's stores.

7. Throughout the relevant period, Trans World's policy across its stores has been to uniformly classify SMs as exempt from federal overtime provisions and not pay SMs any overtime wages.

8. Trans World regularly requires SMs to work in excess of 40 hours per workweek.

9. By the conduct described herein, Defendants have violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") by failing to pay SMs, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

10. Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendants nationwide who elect to opt-in to this action pursuant to the

FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## THE PARTIES

### *Plaintiff Natasha Roper*

11.Plaintiff Natasha Roper ("Roper") is an adult individual who is a resident of Rio Rancho, New Mexico.

12.Roper was employed by Defendants from approximately June 2015 to approximately February 2016.

13.From about July 12, 2015 to about February 26, 2016, Roper worked for Defendants as an SM in their store located in Gallup, New Mexico.

14.Pursuant to Defendants' policy, pattern, and/or practice, Roper regularly worked more than 40 hours in workweeks as an SM, but was not compensated for overtime hours worked.

15.While she was an SM, by way of example, during the workweeks ending on October 10, 2015 and January 2, 2016, Roper worked 69.40 and 60.20 hours per week, respectively, based on her paystubs.

16.In the workweek ending on October 10, 2015, by way of example, Defendants owe Roper 29.40 hours in unpaid overtime pay for the hours she worked as an SM, plus liquidated damages, calculated as follows:  (((weekly salary of about $769.23)/40)*1.5)*(29.40 overtime hours))*2 = $1,696.15.  This calculation does not include Plaintiff's attorneys' fees and costs.

17.Defendants paid Roper an annual salary of approximately $40,000.

18.At all times relevant hereto, Roper was a covered employee within the meaning of the FLSA.

19. A written consent form for Roper is on file with the Court.

### *Defendants*

20. Trans World Entertainment Corporation is a New York corporation with a principal place of business in Albany, New York.

21. Record Town, Inc. is a New York corporation and a wholly-owned subsidiary of Trans World Entertainment Corporation. Record Town, Inc.'s principal place of business is in Albany, New York.

22. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA.

23. Throughout the relevant period, Defendants employed and/or jointly employed Plaintiff and other SMs within the meaning of the FLSA. Defendants have had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

24. At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and other SMs, including timekeeping, payroll, and other employment practices that applied to them.

25. Defendants apply the same employment policies, practices, and procedures to all SMs.

26. At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## **JURISDICTION AND VENUE**

27. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

28.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

29.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District, and also pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

30.     Throughout their employment with Defendants, Plaintiff and other SMs regularly worked in excess of 40 hours per week, such as those specific workweeks in which Roper worked overtime hours as identified herein.

31.     Defendants were aware that Plaintiff and other SMs worked more than 40 hours per workweek, yet Defendants failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

32.     The primary duties of Plaintiff and other SMs were non-exempt in nature. They performed the same duties as the hourly employees who were entitled to overtime pay such as assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor.

33.     Plaintiff and other SMs were closely supervised by their District Managers, and through common corporate policies and procedures that defined and circumscribed their work.

34.     During the relevant period, upon information and belief, Defendants uniformly classified SMs as exempt from federal overtime pay requirements.

35. All of the work that Plaintiff and other SMs performed was assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and other SMs performed.

36. Upon information and belief, Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

37. Defendants were aware, or should have been aware, that the FLSA required them to pay Plaintiff and other SMs overtime compensation for hours worked in excess of 40 per week.

38. Defendants were aware, or should have been aware, that the primary duties of Plaintiff and other SMs were assisting customers, stocking shelves, setting up floor sets with products, performing customer service, ringing registers, doing merchandising, and unloading products onto the sales floor.

39. Defendants' failure to pay Plaintiff and other SMs overtime was willful. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

40. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as SMs at any Trans World store in the United States, on or after April 1, 2014, who elect to opt-in to this action (the "FLSA Collective").[1]

41. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and

---

[1] The parties previously entered into a tolling agreement tolling the statute of limitations for the FLSA and state wage and hour claims of Plaintiff and exempt-classified Store Managers from April 1, 2014.

the FLSA Collective have performed.

42. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    b. willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA; and

    c. willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

43. Defendants are aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

44. Plaintiff and the FLSA Collective all perform or performed the same or similar primary duties.

45. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Collective)

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Amended Collective Action Complaint.

48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

49. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

51. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. Defendants failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

54. Defendants' violations of the FLSA, as described in this Amended Collective Action Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

55. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

56. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

57. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA Collective members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor's regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E. A reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other SMs, and the risks she has undertaken.

F. An award of damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

G. Attorneys' fees and costs of the action; and

H. Such other injunctive and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
February 12, 2018

Respectfully submitted,

s/Michael J. Palitz
Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022
Tel:    (800) 616-4000
Fax:    (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel:    (561) 447-8888
Fax:    (561) 447-8831
gshavitz@shavitzlaw.com

*admitted *pro hac vice*      ***Attorneys for Plaintiff and the Putative Collective***