UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATASHA ROPER, Individually and on behalf
of all others similarly situated,

                              Plaintiff,

        vs.                                              1:17-CV-553
                                                         (TJM-CFH)

Trans World Entertainment Corporation, and
Record Town, Inc.,

                              Defendant.

_____

Thomas J. McAvoy,
United States District Judge


**DECISION & ORDER**

        Before the Court is Intervenor Carol Spack's motion for reconsideration of the

Court's text order, dkt. # 54, which denied her motion to intervene as moot.  See dkt. # 59.

In this case, which Plaintiff seeks to turn into a class action, Plaintiff alleges that

Defendants violated wage and hours laws by misclassifying hourly workers as managers.

See Complaint, dkt. # 1.  Spack filed a similar case in the District of New Jersey shortly

before the Plaintiff filed her action here.  She sought to intervene in this case as part of an

effort to consolidate the actions.  Spack preferred to transfer the cases for consolidation in

New Jersey or dismiss this action.  Before the Court could rule on the motion to intervene,

the Court in New Jersey transferred the case to this jurisdiction.  The Court then ordered

1

the parties to supplement their briefing on the motion to intervene in light of the transfer. See dkt. # 48.  After considering this briefing, the Court denied the motion to intervene as moot.  Pending before the Court is Spack's motion for consolidation of this action with Spack's action, which is now venued in this district.

Spack now moves for reconsideration of the Court's order denying her motion to intervene as moot.  She argues that the Court erred by granting the motion as moot when Spack still seeks to intervene in order to move for dismissal of the case.  She contends that, as the Court has not yet determined whether Spack's action and this case should be consolidated, dismissing her case as moot may preclude her from filing her intended motion to dismiss this matter.  Defendants contend that the Court correctly found that the motion to intervene was moot after the New Jersey court transferred Spack's action to this district.  They further argue that Spack's stated reason for continuing to seek to intervene–to preserve her right to seek dismissal of Roper's case–is not a proper reason for intervention.

When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

2

The Court will deny the motion for reconsideration.  Spack does not raise any issues which were not raised previously in deciding the motion to intervene had become moot as a result of the transfer of Spack's case to this district.  Moreover, generally "courts have denied motions to intervene where the movant's  sole interest is in dismissing an action."  In re Johnson & Johnson Derivative Litig, 900 F.Supp.2d 467, 476 (D.N.J. 2012) (citing Glover v. Ferrero USA, Inc., No. 11-1086, 2011 U.S. Dist. LEXIS 121352, 2011 WL 5007805, at *6 (D.N.J. 2011); Worthingon v. Bayer Healthcare LLC, Nos. 11-2793, et al., 2011 U.S. Dist. LEXIS 144369, 2011 WL 6303999, at *6 (D.N.J. 2011)).  Spack's argument for dismissing the Roper action is therefore not particularly persuasive.  Spack argues that she should be permitted to move to dismiss the action because "Roper engaged in impermissible forum shopping" by filing her Complaint in this District a month after Spack filed her action in New Jersey.  In her motion to intervene, Spack argued that she should would seek either to have the case transferred to the District of New Jersey or to dismiss Roper's action because Roper had violated the "first-filed" principle, which provides that "'where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance of convenience in favor of the second.'" Proposed Intervenor's brief, dkt. 26-1, at 20 (quoting Sotheby's Inc. v. Minor, 2009 U.S. Dist. LEXIS 3509, at *3-4 (S.D.N.Y. Jan. 6, 2009)).  Without deciding the particular issue, the Court notes that the parties in the two suits are not the same, and that–after the decision from the New Jersey District Court–the two cases are not in different federal district courts.

The Court will not reach the issue of whether Spack's motion to intervene has any merit, however.  The Court notes that a motion to consolidate is pending, and that Spack's

3

reason for seeking reconsideration--so she can file a motion to dismiss the Roper action–largely depends on the outcome of that motion.  Spack filed the motion to consolidate.  Should the Court deny the motion to consolidate, the Court would consider a motion to intervene on Spack's part.  The Court would not consider such a motion to be precluded by the Court's earlier decision finding the motion to intervene moot–as such a decision did not reach the merits of the issues raised by Spack's motion.

The Court will therefore deny Spack's motion for reconsideration, dkt. # 59.

**IT IS SO ORDERED.**

Dated:March 8, 2018

Thomas J. McAvoy
Senior, U.S. District Judge